**PIONEER NATIONAL TITLE INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**Bill BRUCE et al., Defendants.**

**No. 77–1178C(B).**

United States District Court, E. D. Missouri, E. D.

Dec. 22, 1977.

Barry A. Short, St. Louis, Mo., for plaintiff.

Thomas K. Edelmann, Clayton, Mo., for defendants.

## MEMORANDUM

REGAN, District Judge.

This matter is before the Court on motion of defendants to dismiss both counts of plaintiff's complaint.

Count I purports to state a claim against defendants Bill Bruce and Donald R. Ham on the theory that as the last board of directors and/or officers of Hillcrest Properties, Inc. who dominated and controlled the corporation they are jointly and severally liable to plaintiff as a creditor of said corporation. Count II is premised on the allegation that all defendants are liable to plaintiff on the theory of unjust enrichment.

Neither Bill Bruce nor Donald R. Ham is sued as a statutory trustee. Rather, they are sued as individuals in *both* counts of the complaint. However, since these defendants' only liability to plaintiff under Count I would be as statutory trustees (and then only to the extent of property and effects of the corporation that shall come into their hands, although the receipt of such property need not be pleaded, *Eberle v. Koplar*, Mo.App. 1935, 85 S.W.2d 919), it is our view that Count I fails to state a claim against said defendants individually. In their capacity as trustees, Bill Bruce and Donald R. Ham are separate entities who would have to be sued *and served* as such. Only the individuals in their personal capacities were sued and served.

Accordingly, the motion to dismiss Count I is hereby sustained without prejudice to the right of plaintiff to maintain an action against Bill Bruce and Donald R. Ham as statutory trustees of Hillcrest Properties, Inc.

In Count II, the following allegations are relied on:

(1) Plaintiff entered into a Construction and Disbursing Escrow Agreement with Hillcrest Properties, Inc. (owner), Construction Associates, Inc. (contractor) and Commerce Mortgage Company (mortgagee) relating to the construction of certain apartments. None of defendants were parties to that contract. Plaintiff was the Escrowee under the Agreement and agreed to use due care in disbursing funds, and upon completion of the project to hold mortgagee harmless from liens. The parties agreed that if owner and contractor failed to complete in accordance with the terms of the contract, Escrow could either complete the improvements or at its election purchase mortgagee's note and mortgage. Hillcrest Properties, Inc. and Construction Associates, Inc. were bound under the Agreement to pay to plaintiff any sums it was required to pay for the completion of the apartment construction project.

(2) In January, 1976 plaintiff served upon the owner and contractor corporations demands for the deposit of additional funds to pay for the completion of the project, but no such funds were forthcoming.

(3) Mortgagee made repeated demands upon plaintiff that it complete construction

of the project, and when plaintiff failed to do so, mortgagee proceeded, after notice to plaintiff, to complete the construction of the project and then filed suit against plaintiff on the basis of the original Escrow Agreement for the amount of the costs of construction incurred by mortgagee.

(4) The suit by mortgagee against plaintiff was settled by plaintiff's payment of $217,000 to mortgagee in conjunction with the execution on April 30, 1976 of a Four-Party Agreement (to which defendants were not parties).

(5) On the previous day, April 29, 1976, defendants executed a note payable to mortgagee in the sum of $995,000, purporting to represent their obligations to mortgagee, with the express understanding (a) that the note would not be binding prior to the execution of the Four-Party Agreement and (b) that the principal balance was to be reduced by any principal amounts paid to mortgagee under that Agreement.

(6) In their April 29 Agreement with mortgagee, defendants "acknowledged" they were obligated to pay mortgagee funds advanced by it to cover the costs of completing the construction project.

(7) Having been benefited by plaintiff's payment of the $217,000 to mortgagee by reason of the credit on their note, defendants are alleged to have thereby been "unjustly enriched" in that amount.

The thrust of Count II is that the theory of unjust enrichment mandates that defendants should be denied the benefit of their contract with mortgagee even though defendants might not have executed the note and agreement but for the right to credit the note with payments made by plaintiff. So far as appears from the complaint, defendants would not have been "unjustly enriched" had they not executed the April 27, 1976 note and Agreement with mortgagee.

Of importance is the fact that the primary obligation to complete the construction project was that of the two corporations, Hillcrest Properties, Inc. and Construction Associates, Inc., not the defendants, and it was the *corporations* which failed and refused to provide the necessary funds. Present plaintiff obligated itself under its contract with mortgagee to complete the construction. That obligation was entirely independent of any obligation defendants may have had to mortgagee as guarantors, sureties or otherwise. (The nature of defendants' obligation nowhere appears in the complaint).

■ The thrust of the complaint is that both plaintiff and defendants were independently obligated to mortgagee and that since plaintiff complied with its obligation and defendants did not, defendants were thereby unjustly enriched. Stated otherwise and realistically, what plaintiff is saying is that it should be relieved of its own contractual obligations to mortgagee simply and solely because defendants, under another contract with mortgagee completely independent of plaintiff's could also have been held liable to mortgagee. On that theory, had defendants rather than plaintiff, made the payment to mortgagee, they could then have claimed that *plaintiff* was "unjustly enriched."

It is, of course, true that plaintiff may have a claim for reimbursement against the *corporations* whose debt it paid, but that debt was not a debt owing by defendants to plaintiff. Even if defendants had undertaken to hold mortgagee harmless, we are aware of no legal principle which would entitle plaintiff to invalidate an agreement by mortgagee to waive that obligation in whole or in part. Plaintiff's Agreement with mortgagee was not conditioned on the execution of the contract between mortgagee and defendants or on the existence of any obligation on the part of defendants to make good the corporate liability.

When plaintiff made the payment to mortgagee it was not satisfying the debt or duty of defendants. Rather, it was satisfying its *own* debt or duty. There simply was no unjust enrichment under the facts and the applicable law. Count II fails to state a claim, and the motion to dismiss Count II should be and it is hereby SUSTAINED.